The plaintiff declared upon a penal bond, executed by the defendant, of five thousand dollars, with the following condition: "The condition of the above obligation is such that, whereas, the above bounden Daniel Kerns hath this day contracted and agreed to choose one man, by the name of R. J. Holmes, and Tobias Kesler, another man by the name of S. J. Peeler, and they two have chosen another man named George Lyerly, who, in connection with them, shall arrange all the differences and make all settlements outstanding between them, and all matters and claims of both parties connected with the mills and mill-property now in dispute, of which the said chosen parties are to decide, and the decision of the whole, or any two of them, shall be binding, then the above obligation to be void; otherwise, to remain in full force and effect." To this declaration, the defendant pleaded "conditions performed and no breach."
The plaintiff produced, in evidence, an award signed by all the arbitrators, directing the defendant to pay the plaintiff a certain sum, and which he also proved had been demanded, but not paid. The recovery was opposed, upon the ground *Page 192 
that there was no obligation on the face of the bond, that the defendant should perform the award, but only to submit to one. He also objected on account of the vagueness and uncertainty of the award, which he insisted created no duty or liability to be performed by the defendant to the plaintiff. But his Honor was of a different opinion upon both points, and so charged the jury. The defendant's counsel excepted.
Verdict and judgment for plaintiff, and appeal by defendant.
The bond has this clause: "the decision of the whole, or any two of them, shall be binding, then the above obligation shall be void; otherwise, to remain in full force and effect."
This, we think, is a condition for the performance of the award. That is the only way in which the decision could be binding.
The only pleas are "conditions performed and not broken." These do not put the validity of the award in issue; so the objections urged against it are not presented.
PER CURIAM, Judgment affirmed.